**Khairy AREF, Plaintiff–Appellant,**

v.

**Roderick Q. HICKMAN; et al.,
Defendants–Appellees.**

No. 09–56664.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 16, 2010.*

Filed Nov. 22, 2010.

Khairy Aref, Burbank, CA, pro se.

Theodore S. Drcar, Chris A. Knudsen, Office of the California Attorney General, San Diego, CA, Lori A. Green, Esquire, California Department of Personnel Administration, Sacramento, CA, for Defendants–Appellees.

Before: TASHIMA, BERZON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Khairy Aref appeals pro se from the district court's judgment dismissing his employment action for failure to comply with a prior court order to post a security bond. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, *Montserrat Overseas Holdings, S.A. v. Larsen,* 709 F.2d 22, 24 (9th Cir. 1983) (per curiam). We affirm in part, vacate in part, and remand.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ The district court did not abuse its discretion in ordering Aref to post a security bond after finding that he consumed unreasonable court and defendant resources by filing numerous prolix and unnecessary documents. *See Montserrat Overseas Holdings, S.A.,* 709 F.2d at 24 (district court did not abuse its discretion in ordering litigant to post security bond under local rules); C.D. Cal. R. 83–8.3 (district court may order a litigant to give security in such amount as it determines to be appropriate based on a finding that the litigant "has abused the Court's process and is likely to continue such abuse, unless protective measures are taken"); *see also Aref v. Marder,* 15 F.3d 1082 (9th Cir. 1994) (unpublished mem.) (affirming district court order declaring Aref a vexatious litigant).

■ However, it appears that the district court applied the wrong standard in arriving at the $250,000 security amount—to deter Aref's vexatious litigation practices, rather than to "secure the payment of any costs, sanctions or other amounts which may be awarded against a vexatious litigant." C.D. Cal. R. 83–8.2. We therefore remand for the limited purpose of the district court either explaining how it arrived at the $250,000 security amount or reducing the amount as appropriate.

We do not consider Aref's contentions not supported by argument. *See Acosta–Huerta v. Estelle,* 7 F.3d 139, 144 (9th Cir.1992).

Aref's remaining contentions are unpersuasive.

We deny Aref's request for judicial notice.

* The panel unanimously concludes this case is suitable for decision without oral argument.

**AFFIRMED in part, VACATED in part, and REMANDED.**